

SALAS_P.mtn

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5059
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

**FILED**
DISTRICT COURT OF GUAM

MAR 21 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 01-00015 |
| Plaintiff, ) | |
| vs. ) | **MOTION TO AMEND JUDGMENT AND REFUND OVERPAYMENT OF FINE** |
| PEDRO TAQUACTA SALAS, ) | |
| Defendant, ) | |

COMES NOW Plaintiff, UNITED STATES OF AMERICA, respectfully motions this Court to amend the judgment to reflect a $142.50 fine and the entry of an order refunding the overpaid portion of the fine against Defendant PEDRO TAQUACTA SALAS and in support states as follows:

1. On November 24, 2003, an Amended Judgment was issued to reflect the conversion of the balance of $269.75 of electronic monitoring fees to a fine of $269.75. See Attachment "A."

2. On March 17, 2006, our office was notified by the U.S. Probation Office that the correct balance should have read $142.50. See Attachment "B.

3. Defendant PEDRO TAQUACTA SALAS has made payment totaling $160.00 towards his fine. See Attachment "C."

4. In the interest of justice, an Amended Judgment should be issued to reflect the conversion of the balance of $142.50 of electronic monitoring fees to a fine of $142.50 and the amount of $17.50 ($160.00 - $142.50) should be reflected as an overpayment.

5. Plaintiff respectfully requests that the Court refund the full amount of overpayment by issuing a check in the amount of $17.50 to Pedro T. Salas and mailing the check his last known address.

6. Plaintiff further requests that any future payments made by defendant be refunded to him.

DATED this ___ day of March, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

District of     GUAM

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| PEDRO TAGUACTA SALAS | Case Number: CR-01-00015-001 |
| Date of Original Judgment: 09/06/2002 | **FEDERAL PUBLIC DEFENDER** |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☒ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    2
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

FILED
DISTRICT COURT OF GUAM
NOV 24 2003
MARY L. M. MORAN
CLERK OF COURT

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §842(I)(3) & 844(a) | DRUG USER IN POSSESSION OF EXPLOSIVES | 02/17/20001 | 1 |

The defendant is sentenced as provided in pages 2    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s)    1    ☒ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec.: 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

Defendant's Date of Birth: 08/31/1969

Defendant's USM No.: 02141-093

Defendant's Residence Address:
241 TUN JOSE DIEGO STREET

YIGO, GUAM 96929

Defendant's Mailing Address:
POST OFFICE BOX 11167

YIGO, GUAM 96929

11/18/2003
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN S. UNPINGCO, U.S. District Court Judge
Name and Title of Judicial Officer

NOV 24 2003
Date

**EXHIBIT A**

DEFENDANT: PEDRO TAGUACTA SALAS
CASE NUMBER: CR-01-00015-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __ONE (1) MONTH__ .

- [X] The court makes the following recommendations to the Bureau of Prisons:
  **THE DEFENDANT SHALL BE IMPRISONED FOR A PERIOD OF ONE MONTH TO BE FOLLOWED BY SIX (6) MONTHS OF HOME CONFINEMENT WITH ELECTRONIC MONITORING.**

- [ ] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____ .
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____ .
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: PEDRO TANGUACTA SALAS
CASE NUMBER: CR-01-00015-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __36 MONTHS (3 YEARS)__

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from th custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 day of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay an such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall al comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or oth acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of an contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement office
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without th permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's crimin record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant compliance with such notification requirement.

DEFENDANT: PEDRO TAGUACTA SALAS
CASE NUMBER: CR-01-00015-001

## ADDITIONAL SUPERVISED RELEASE TERMS

### AMENDED JUDGMENT, FILED SEPTEMBER 11, 2002:

1. Defendant shall serve six (6) months of home confinement with electronic monitoring. While on confinement with electronic monitoring, the defendant shall be allowed to continue his occupation of farming for four hours daily as long as appropriate notice is given to the U.S. Probation Office.

2. Defendant shall refrain from any unlawful use of a controlled substance and submit to one urinalysis test within 15 days and two additional urinalysis tests thereafter.

3. Defendant shall refrain from the use of any and all alcoholic beverages.

4. Defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further recommended that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

5. Defendant shall maintain gainful employment.

6. Defendant shall perform 50 hours of community service.

7. Modification of Supervised Release Conditions to convert the balance of $269.75 of electronic monitoring fees to a fine of $269.75.

### MODIFIED CONDITIONS, FILED NOVEMBER 18, 2003:

1. Defendant shall perform 50 hours of community service in addition to th 50 hours community originally ordered at sentencing; and

2. Defendant shall submit to a mental health intake assessment and any recommended treatment. It is further recommended that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

DEFENDANT: PEDRO TAGUACTA SALAS
CASE NUMBER: CR-01-00015-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 269.75 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be p in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS | $ | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offense committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: PEDRO TAGUACTA SALAS
CASE NUMBER: CR-01-00015-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   **X**   Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

B   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C   ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payme of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments mad through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directe by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## DISTRICTS OF GUAM AND THE NORTHERN MARIANA ISLANDS
### PROBATION/PRETRIAL OFFICE

**FRANK MICHAEL CRUZ**
CHIEF PROBATION OFFICER

**Guam Office**
Second Floor, U.S. Courthouse
520 W. Soledad Avenue
Hagåtña, Guam 96910
Tel: (671) 473-9201
Fax: (671) 473-9202



**CNMI Office**
Horiguchi Bldg., Rm. 212
P.O. Box 687 CK
Saipan, MP 96950
Tel: (670) 236-2990
Fax: (670) 236-2992

March 14, 2006

US Attorney's Office
Districts of Guam & NMI

MAR 17 2006
Time _____
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

Ms. Marivic P. David
Assistant U.S. Attorney
Financial Litigation Unit
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910

        **Re:**    **SALAS, Pedro Taquacta**
                **USDC Cr. Cs. No. 01-00015-001**

Dear Ms. David:

    On August 28, 2001, Pedro T. Salas was sentenced in the District Court of Guam to an imprisonment term of one month followed by a supervised release term of 36 months for Drug User in Possession of Explosives, in violation of 18 U.S.C. § 842(i)(3) & 844(a). A condition of supervised release was that Mr. Salas serve a six month term of home confinement with electronic monitoring.

    On January 3, 2002, Mr. Salas commenced serving his home confinement term and was assessed a daily rate of $1.25, based on his ability to pay for program services. The full daily rate at that time was $4.25, and the monitoring services were provided by BI Incorporated. On April 24, 2002, Mr. Salas' electronic monitoring services were transferred to another company, Securicor, in a change of vendor services.

    On September 4, 2002, with Mr. Salas' consent, the District Court converted the outstanding balance owed to BI Incorporated to a fine. The Probation Office erred in calculating the balance owed by Mr. Salas. The amount listed in the September 4, 2002 modification order was $269.75. The correct balance should have read $142.50. The breakdown is as follows:

EXHIBIT B

Financial Litigation Unit
Re: SALAS, Pedro
USDC Cr. Cs. No. 01-00015-001
March 14, 2006
Page 2

January 3-31, 2002: 29 days x $1.25 = $36.25
February 1-28, 2002: 28 days x $1.25 = $35.00
March 1-31, 2002: 31 days x $1.25 = $38.75
April 1-30, 2002: 30 days x $1.25 = $37.50
May 1-24, 2002: 24 days x $1.25 = $30.00

The total amount listed above is $177.50, however, on March 6, 2002, Mr. Salas had made a payment of $35.00 which reduced the amount owed to $142.50. The $269.75 listed in the September 4, 2002 modification included an error in the initial bill to Mr. Salas, which was corrected with the company, but never corrected in the billing to the probation office.

Your assistance in remitting the remaining fine balance amount owed by Pedro Salas, and in correcting any discrepancies in payment, will be greatly appreciated. If you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer

Reviewed by:

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc: Pedro T. Salas
Mark E. Kondas, AUSA
John T. Gorman, FPD
File

# District Court of Guam
# Fees Report

Case: CR-01-00015

Fee(s): Assessments/Fines; CVB Special Assessment/Fine; Restitution

| Date | Receipt | Remitter | Case / Fee | Amount |
|---|---|---|---|---|
| 10/17/2001 | 0019723 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>USA vs Salas, Pedro T.<br>Assessments/Fines<br>    Assessments/Fines | $ 50.00 |
| | | | Payment Type(s)<br>    Cash | $ 50.00 S/A |
| 01/16/2002 | 0020048 | MANIBUSAN, ANTHONY M. | CR-01-00015: CR-01-00015<br>Re: USA vs Pedro Taguacta Salas<br>Assessments/Fines<br>    Assessments/Fines | $ 50.00 |
| | | | Payment Type(s)<br>    Cash | $ 50.00 S/A |
| 12/02/2002 | 0021526 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>USA vs Pedro T. Salas<br>Assessments/Fines<br>    Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>    Cash | $ 20.00 |
| 01/23/2003 | 0021754 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>USA vs Pedro T. Salas<br>Assessments/Fines<br>    Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>    Cash | $ 20.00 |
| 02/03/2003 | 0021810 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>USA vs Pedro T.<br>Assessments/Fines<br>    Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>    Cash | $ 20.00 |

$60



EXHIBIT C

# District Court of Guam
# Fees Report

Case: CR-01-00015

Fee(s): Assessments/Fines; CVB Special Assessment/Fine; Restitution

| Date | Receipt | Remitter | Case / Fee | Amount |
|---|---|---|---|---|
| 03/04/2003 | 0021975 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>USA vs Pedro T. Salas<br>Assessments/Fines<br>　　Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>　　Cash | $ 20.00 |
| 04/01/2003 | 0022119 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>Re: USA vs Pedro Taguacta Salas<br>Assessments/Fines<br>　　Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>　　Cash | $ 20.00 |
| 05/02/2003 | 0022276 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>Re: USA vs Pedro Taguacta Salas<br>Assessments/Fines<br>　　Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>　　Cash | $ 20.00 |
| 06/04/2003 | 0022481 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>USA vs PEDRO TAGUACTA SALAS<br>Assessments/Fines<br>　　Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>　　Cash | $ 20.00 |
| 08/04/2003 | 0022811 | SALAS, PEDRO TAGUACTA | CR-01-00015: CR-01-00015<br>Re: USA vs Pedro Taguacta Salas<br>Assessments/Fines<br>　　Assessments/Fines | $ 20.00 |
| | | | Payment Type(s)<br>　　Cash | $ 20.00 |

$100.00